**Law Offices of Jerry L. Steering**

Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Landrum Thomas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LANDRUM THOMAS,

    Plaintiff,

    vs.

CITY OF GARDENA, YVETTE
EVANS, FRANK KIM, TODD FOX and
DOES 1 through 10, inclusive,

    Defendants.

    )
    )
    )
    )
    )

Case No.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF FEDERAL
CONSTITUTIONAL RIGHTS UNDER
COLOR OF STATE LAW
(42 U.S.C. § 1983); FEDERAL
CONSTITUTIONAL CLAIMS FOR
VIOLATION OF FOURTH
AMENDMENT RIGHT TO  FREEDOM
FROM UNLAWFUL / UNREASONABLE
SEIZURE OF PERSON; VIOLATION OF
FIRST AMENDMENT RIGHTS TO
FREEDOM OF SPEECH AND
FREEDOM OF EXPRESSION;
VIOLATION OF FOURTEENTH
AMENDMENT RIGHT TO DUE
PROCESS LAW and *MONELL*
LIABILITY FOR FAILURE TO TRAIN

JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES

1

**Law Offices of Jerry L. Steering**

 **COMES NOW** plaintiff  Landrum Thomas and shows this honorable court the following:

<u>**JURISDICTIONAL ALLEGATIONS**</u>

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2.)

<u>**GENERAL ALLEGATIONS**</u>

3. Plaintiff Landrum Thomas, hereinafter referred to as "plaintiff", "THOMAS" or "LANDRUM THOMAS", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles and in the State of California.

4. Defendant Yvette Evans, hereinafter referred to as "EVANS", is, and at all times complained herein, was, a police officer with the City of Gardena Police Department. At all times complained of herein, EVANS was acting as an individual person under the color of state law, pursuant to her status as a police officer, and was acting in the course of and within the scope of her employment with defendant City of Gardena.

5. Defendant Frank Kim, hereinafter referred to as "KIM", is, and at all

COMPLAINT FOR DAMAGES
2

**Law Offices of Jerry L. Steering**

times complained herein, was, a police officer with the City of Gardena Police Department.  At all times complained of herein, KIM was acting as an individual person under the color of state law, pursuant to his status as a police officer with the Gardena Police Department, and was acting in the course of and within the scope of his employment with defendant City of Gardena.

6.     Defendant Todd Fox, hereinafter referred to as "FOX", is, and at all times complained herein, was, a Sergeant and Supervisor with the City of Gardena Police Department. At all times complained of herein, FOX was acting as an individual person under the color of state law, pursuant to his status as a police officer  / Sergeant and Supervisor, and was acting in the course of and within the scope of his employment with defendant City of Gardena.

7.     Defendant City of Gardena, hereinafter also referred to as "CITY", is a municipal entity located in the State of California, County of Los Angeles; within the territorial jurisdiction of this court.

8.     Defendants DOES 1 through 6, inclusive, are sworn police officers and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Gardena Police Department, who in some way committed, caused to be committed, or assisted in the commission of some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to

**Law Offices of Jerry L. Steering**

plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Gardena Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn police officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Gardena Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the

Gardena Police Department for: 1) for unlawfully seizing persons; 2) for unlawful searching persons; 3) for falsely arresting and falsely imprisoning persons; 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other peace officers and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for failing to train Gardena Police Department officers that a civilian has a constitutional right to video and audio record the police (especially for acts of misconduct); 7) for failing to train Gardena Police Department officers about what conduct is proscribed by Cal. Penal Code § 148(a)(1); 8) for unlawfully seizing and searching the personal property of civilians (especially "smart" cell phones and other video and audio recording devices); 9) for unlawfully deleting video and audio recordings from "smart" cell phones and other video and audio recording devices; and 10) for covering-up unlawful and tortious conduct by Gardena Police Department personnel, and were a proximate cause of federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

11.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

12.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Gardena Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

13.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Gardena Police Department and/or otherwise with defendant CITY[1].

14.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Gardena Police Department / City of Gardena, for, *inter alia*: 1) for unlawfully seizing persons; 2) for unlawful searching persons; 3) for falsely arresting and falsely imprisoning persons; 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

6

**Law Offices of Jerry L. Steering**

maliciously, oppressively convict innocent persons, to protect them and other peace officers and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for failing to train Gardena Police Department officers that a civilian has a constitutional right to video and audio record the police (especially for acts of misconduct); 7) for failing to train Gardena Police Department officers about what conduct is proscribed by Cal. Penal Code § 148(a)(1); 8) for unlawfully seizing and searching the personal property of civilians (especially "smart" cell phones and other video and audio recording devices); 9) for unlawfully deleting video and audio recordings from "smart" cell phones and other video and audio recording devices; and 10) for covering-up unlawful and tortious conduct by Gardena Police Department personnel, and were a proximate cause of federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

15.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

16.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –
Unlawful / Unreasonable Seizure of Person
(Against all Defendants)**

17.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.    On August 23, 2013, plaintiff was working with Asplundh Company, at the corner of Halldale and Rosecrans in the City of Gardena. Also on that day at approximately 11:00 a.m., defendants EVANS, KIM, FOX and DOES 1 through 6, allegedly responded to a "possible" strong-arm robbery to a person followed by a hit and run by the same suspect.

19.    Plaintiff heard police sirens, so he looked up and saw police cars heading West on Rosecrans, and turning North on Halldale.

20.    Plaintiff then noticed a black male running South across Rosecrans on Halldale, with an Asian Gardena Police Department police officer, defendant KIM and DOES 1 through 2, inclusive, chasing him.

21.    Plaintiff got out of the box that he was working in, and ran over to the corner of Halldale and Rosecrans to see what was going on.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

22.    As plaintiff was running to said corner, plaintiff saw a police SUV travelling East on Rosecrans. Plaintiff saw the police officers (defendant KIM and DOES 1 through 2, inclusive) getting closer to the black male that they were pursuing, so he began video recording the police pursuit and apprehension with his cell phone.

23.    Shortly after plaintiff began video recording the police and the black male who they were chasing, defendant KIM and DOES 1 through 2, inclusive, caught-up to the black male, got on top of him, and punched the black male in his head approximately five to six times.

24.    The Gardena Police Department vehicles then arrived, and another Gardena Police Department officer(s) (DOES 3 and 4, inclusive) knelt on the black male's neck, while KIM and DOES 1 through 2, inclusive, continued to punch-out the black male in his head; brutally, excessively and outrageously.

25.    The plaintiff then saw the black male guy on the ground is screaming: "Help me, help me!" It appeared to the plaintiff that the police were beating-up the black male severely, excessively and outrageously.

26.    Additional Gardena Police Department vehicles / police officers showed-up at the scene of the beating, including FOX and EVANS and DOES 4 through 6, inclusive, and the plaintiff continued to video record the police beating incident, until it appeared to the plaintiff that the police were done beating-up the black male.

27.    Thereafter, plaintiff went back to work; down inside of a manhole under the

COMPLAINT FOR DAMAGES

9

street.

28.    Approximately 5 to 10 minutes later, KIM and DOES 1 through 2, inclusive, approached the plaintiff and asked him if he had recorded what had just happened. approached the plaintiff and asked him if he had recorded what had just happened.

29.    The plaintiff  told the officer(s), "Yes."

30.    Said police officer(s) asked to see the video, and plaintiff told him/them, "No."

31.    KIM and DOES 1 through 2, inclusive, kept pressuring the plaintiff to show him the video, claiming it was evidence.

32.    The plaintiff continued to tell him/them "No", and to get a warrant if they wanted his cell phone. KIM and DOES 1 through 2, inclusive, then walked away from the plaintiff, and he/they appeared to be very upset.

33.     Plaintiff  had to run down to a different location to check on something, and when he returned to the location from which he video recorded the above-referenced police beating, one of plaintiff's co-workers, Henry Hood, told the plaintiff  that KIM and DOES 1 through 2, inclusive, was looking for the plaintiff and he/they want your phone".

34.    Plaintiff then descended down into the man hole, to continue working. Thereafter, plaintiff looked-up and saw several police officers (KIM, FOX and EVANS and DOES 1 through 6, inclusive) standing near him and looking at him; asking about his cell phone, and asking if he recorded the incident involving the apprehension (and

**Law Offices of Jerry L. Steering**

beating) of said black male.

35.    Plaintiff told said officers that the cell phone was his personal property, and that if they wanted to look at it, they had better get a warrant.

36.    Said defendant police officers then told plaintiff to exit the box (the location that he was in under the street) and he complied with the officers' order to him.

37.    When the plaintiff climbed-up to street level and exited the box, said defendant officers told the plaintiff that they wanted his cell phone.

38.    The plaintiff told the defendant officers that he knew his rights, and that they were not getting his cell phone without a warrant.

39.    KIM and DOES 1 through 2, inclusive, then grabbed onto the plaintiff, snatched the plaintiff's work knife out of his pocket, and placed the plaintiff in handcuffs.

40.    Thereafter, FOX and/or EVANS and DOES 4 through 6, inclusive, said to the plaintiff that if he knew so much about the law, that he should know about Penal Code Section 148; Obstruction of an officer.

41.    Then while all of this is going on, EVANS and DOES 4 through 6, inclusive, asked the plaintiff is she could talk to him.

42.    The plaintiff told said defendants that he knew his rights, and that he had nothing to say to her if it was about his cell phone.

43.    EVANS and DOES 4 through 6, inclusive, continued to tell the plaintiff that she/they wanted to speak with him, and against plaintiff told her/them that he had nothing

COMPLAINT FOR DAMAGES
11

to say to her/them.

44.     Never once did EVANS and DOES 4 through 6, inclusive, mention to plaintiff anything about being in the way of what was going on.

45.     EVANS and DOES 4 through 6, inclusive, continued to ask plaintiff about his phone. Plaintiff told her/them that if the officers were going to arrest him then take him to jail, and if not, to let him get back to work.

46.     KIM and DOES 1 through 2, inclusive, then put the plaintiff in a police car, and EVANS and/or FOX and DOES 4 through 6, inclusive, transported the plaintiff to jail.

47.     When the deputies took the plaintiff to jail, they took me to jail, they also took his cell phone from him.

48.     Once plaintiff was at the jail, he asked EVANS and DOES 1 through 2, inclusive, if she/they was/were really going to book him for "this bullshit" .

49.     EVANS and DOES 1 through 2, inclusive, said we could of handled it out there, but you didn't want to so now we are here. Plaintiff responded, said that he hopes that EVANS and DOES 1 through 2, inclusive, slept well, because they knew that this was wrong to arrest the plaintiff.

50.     While plaintiff was being booked, he asked defendants for his cell phone, to look for phone numbers to be bailed out, but they said they could not find it.

51.     Plaintiff  was then booked for violation of  Cal. Penal Code § 148(a)(1) and

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

was forced to post a $10,000.00 bail bond, in violation of Cal. Penal Code § 853.6(i.)

52. Upon release, I asked for my phone they said it was being held for evidence and the detectives involved in the case would contact me.

53. Upon his release from the Gardena Police Department jail, plaintiff asked for his phone, and the officers told the plaintiff said that it was being held for evidence and the detectives involved in the case would contact me.

54. Plaintiff's phone and its SIM card was encrypted both, so no one should have been able to get into it.

55. About a week after plaintiff's arrest, a Detective called him and told him that he could have his phone back if plaintiff would let them copy the video contained therein.

56. Plaintiff told him that if was going to let the police see the video, that he would have already done it that day, and to go get a warrant.

57. The Detective then phoned the plaintiff several more times, leaving phone messages that plaintiff had better call him back.

58. Approximately one month later, plaintiff was informed that the Garden Police Department got a search warrant for his cell phone, so he could have the cell phone back.

59. Plaintiff then went to the Gardena Police Department and retrieved his cell phone.

60. After retrieving his phone back, plaintiff reviewed the video contained in his

**Law Offices of Jerry L. Steering**

phone of the August 23, 2013 incident complained of in this action. Upon reviewing the video contained in his cell phone, it was evident to the plaintiff that part of the video that contained that part of the beating incident of August 23, 2013 of the black male by KIM and DOES 1 and 2, inclusive, had been deleted from his cell phone; the part containing the punching of the male black by said defendant officers.

61.    As shown above, all that the plaintiff's actions amounted to was a refusal to consent to a warrantless search and seizure of plaintiff's cell phone; a cell phone that contained a video recording of said above-referenced Gardena Police Department officers beating-up a man.

62.    Moreover, plaintiff was desirous of keeping the video recording of the Gardena Police Department officers beating-up the man, to publicize and to expose such outrageous police misconduct.

63.    Accordingly, as none of the defendants had either reasonable suspicion of criminality afoot, or probable cause to believe that the plaintiff had committed a crime, the seizure and arrest of the plaintiff constituted an unlawful / unreasonable seizure of plaintiff's person under the Fourth Amendment to the United States Constitution.

64.    Moreover, each of the defendants acted in joint, concerted and conspiratorial action in falsely arresting the plaintiff.

65.    Moreover, FOX and DOES 4 through 6, inclusive, as supervisory officers, had a duty to stop their subordinate police officers from falsely arresting civilians, and

COMPLAINT FOR DAMAGES
14

the other officers present also had the duty to intervene and to stop or abort the false

arrest of the plaintiff, yet they all failed to so intervene.

66.    Accordingly, the seizure and arrest of plaintiff by defendants EVANS, KIM,

FOX and Does 1 through 6, inclusive, constituted an unlawful and unreasonable seizure

of plaintiff (detention and arrest), without a warrant or probable cause to believe that he

committed a crime[2], in violation of his right to be free from such a seizure under the

Fourth Amendment to the United States Constitution.

67.    As a direct and proximate result of the actions of defendants EVANS, KIM,

FOX and DOES 1 through 6, inclusive, as complained of herein, plaintiff : 1) was

substantially physically, mentally and emotionally injured, and suffered great physical,

mental and emotional injury, distress, pain and suffering; 2) incurred medical and

psychological costs, bills and expenses, 3) incurred attorney's fees and associated

litigation and other related costs, 4) incurred bail costs, lost wages and other special and

general damages and expenses, 5) lost the use of his cell phone, 6) lost the use of the

video recording of said defendant Garden Police Officers beating-up a black man in

public, 7) lost that part of the video recording of the beating of the black man showing

outrageous brutality and police misconduct, all in an amount to be proven at trial, in

excess of $5,000,000.00.

68.    The actions by said defendants were committed maliciously, oppressively

---

[2] Or even reasonable suspicion of criminality afoot.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of

punitive / exemplary damages against all defendants and each of them, save defendant

CITY, in an amount to be proven at trial, in excess of $5,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation Of First Amendment Right To Freedom Of Speech
### (Against all defendants)

69.     Plaintiff  hereby reallege and incorporates by reference the allegations

set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70.     As described above, plaintiff  was video recording said defendant Gardena

Police Department officers beating-up a black make during the August 23, 2013 incident

complained of in this action.

71.     Also as described above, plaintiff was desirous of video recording said

police beating, and was also desirous of publicizing and exposing said police beating to

curb future police misconduct, and to bring the defendant police officers who beat-up the

black make to justice.

72.     The beating of a man by police officers is a matter of great public concern.

73.     Plaintiff  had a right to video record said police beating of August 23, 2014

under the First Amendment to the United States Constitution, as video recording police

officers engaged in constitutional deprivations of civilians is a form of constitutionally

protected speech; especially when the person video recording the police intends to make

the beating public.

COMPLAINT FOR DAMAGES

16

74.     Accordingly, the actions of the defendants in seizing plaintiff and his cell phone, and deleting part of the video contained in the same, constituted a violation of the plaintiff's rights under the First Amendment to the United States Constitution.

75.     As a direct and proximate result of the actions of defendants EVANS, KIM, FOX and DOES 1 through 6, inclusive, as complained of herein, plaintiff : 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, 4) incurred bail costs, lost wages and other special and general damages and expenses, 5) lost the use of his cell phone, 6) lost the use of the video recording of said defendant Garden Police Officers beating-up a black man in public, 7) lost that part of the video recording of the beating of the black man showing outrageous brutality and police misconduct, all in an amount to be proven at trial, in excess of $5,000,000.00.

76.     The actions by said defendants were done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $5,000,000.00.

<u>**THIRD CAUSE OF ACTION**</u>
<u>**VIOLATION OF 42 U.S.C. § 1983**</u>
**Violation Of Fourth Amendment Right To Be Free From Unlawful /**
**Unreasonable Seizure Of Personal Property**
**(Against all defendants)**

COMPLAINT FOR DAMAGES

77.     Plaintiff  hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.     As described above, plaintiff  had a right to video record said police beating of August 23, 2013, under the First Amendment to the United States Constitution, as video recording police officers engaged in constitutional deprivations of civilians is a form of constitutionally protected speech; especially when the person video recording the police intends to make the beating public.

79.     Also as described above, said defendant Gardena Police Department officers seized the plaintiff's cell phone, without a warrant, and without consent.

80.      Also as described above, said defendant Gardena Police Department officers deleted from plaintiff's cell phone, that portion of the video recording of the police beating of the black male, above-referenced, that showed defendants KIM and DOES 1 through 2, inclusive, beat-up (i.e. punch in his head multiple times.)

81.     Accordingly, the actions of the defendants in seizing plaintiff and his cell phone, and deleting part of the video contained in the same, constituted a violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

82.     As a direct and proximate result of the actions of defendants EVANS, KIM, FOX and DOES 1 through 6, inclusive, as complained of herein, plaintiff : 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and

COMPLAINT FOR DAMAGES
18

psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, 4) incurred bail costs, lost wages and other special and general damages and expenses, 5) lost the use of his cell phone, 6) lost the use of the video recording of said defendant Garden Police Officers beating-up a black man in public, 7) lost that part of the video recording of the beating of the black man showing outrageous brutality and police misconduct, all in an amount to be proven at trial, in excess of $5,000,000.00.

83. The actions by said defendants were done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $5,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation Of Fourteenth Amendment Right To Due Process Of The Law
### (Against all defendants)

84. Plaintiff hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 83, inclusive, above, as if set forth in full herein.

85. As described above, plaintiff had a right to video record said police beating of August 23, 2013, under the First Amendment to the United States Constitution, as video recording police officers engaged in constitutional deprivations of civilians is a form of constitutionally protected speech; especially when the person video recording the police intends to make the beating public.

86. Also as described above, said defendant Gardena Police Department

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

officers seized the plaintiff's cell phone, without a warrant, and without consent.

87.     Also as described above, said defendant Gardena Police Department officers deleted from plaintiff's cell phone, that portion of the video recording of the police beating of the black male, above-referenced, that showed defendants KIM and DOES 1 through 2, inclusive, beat-up (i.e. punch in his head multiple times.)

88.     Plaintiff had a right under the procedural due process clause of the Fourteenth Amendment to the United States Constitution, to have a judge decide whether the deleted portion of the video recording in his cell phone, above-referenced,  should have been deleted.

89.     Accordingly, the actions of the defendants in seizing plaintiff and his cell phone, and deleting part of the video contained in the same, also constituted a violation of the procedural due process clause of the Fourteenth Amendment to the United States Constitution.

90.     As a direct and proximate result of the actions of defendants EVANS, KIM, FOX and DOES 1 through 6, inclusive, as complained of herein, plaintiff : 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, 4) incurred bail costs, lost wages and other special and general damages and expenses, 5) lost the use of his cell phone, 6) lost the use of the

**Law Offices of Jerry L. Steering**

**Law Offices of Jerry L. Steering**

video recording of said defendant Garden Police Officers beating-up a black man in public, 7) lost that part of the video recording of the beating of the black man showing outrageous brutality and police misconduct, all in an amount to be proven at trial, in excess of $5,000,000.00.

91. The actions by said defendants were done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $5,000,000.00.

## FIFTH CAUSE OF ACTION
**Claim Against Local Governing Body Defendants Based On Policy Of Failure To Train**
**[42 U.S.C. § 1983]**
**(Against Defendants CITY, FOX and DOES 7 through 10)**

92. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in full herein.

93. As shown above, when defendants EVANS, KIM, FOX and DOES 1 through 6, inclusive, deprived FOX of his particular rights under the United States Constitution, they were acting under the color of state law.

94. The training policies of defendants FOX, CITY and DOES 7 through 10, inclusive, were not adequate to train their deputy sheriffs and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants FOX, CITY and DOES 7 through 10, inclusive, failed to train its police officers: 1) that they have no right to arrest citizens for video

recording peace officers performing their duties in public, and that such activity by civilians is protected by the First Amendment to the United States Constitution;  2) that they have no right to seize cell phones and other video and audio recording devices from civilians, for any such civilians recording the police performing their duties in public, and that any such seizure of any such recording device without a warrant is violative of the civilian's rights under the Fourth Amendment to the United States Constitution; 3)  that they have no right to delete video recordings and photos contained in cell phones and other video and audio recording devices taken/obtained from civilians, in the absence of a court order, and that deletions from any such recording device without a warrant or at least a pre-deletion hearing, and that any such deletion is violative of the civilian's rights under the Fourteenth Amendment to the United States Constitution.

95.    Defendants FOX, CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

96.    The failure of defendants FOX, CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiff's rights by the defendants FOX, CITY and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

97.    As a direct and proximate result of the actions of defendants EVANS, KIM,

COMPLAINT FOR DAMAGES

22

FOX and DOES 1 through 6, inclusive, as complained of herein, plaintiff : 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, 4) incurred bail costs, lost wages and other special and general damages and expenses, 5) lost the use of his cell phone, 6) lost the use of the video recording of said defendant Garden Police Officers beating-up a black man in public, 7) lost that part of the video recording of the beating of the black man showing outrageous brutality and police misconduct, all in an amount to be proven at trial, in excess of $5,000,000.00.

98.    The actions by said defendants were done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $5,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $30,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

COMPLAINT FOR DAMAGES

23

e) For such other and further relief as this honorable court deems just and

   equitable.

_____
JERRY L. STEERING