JS-6

**United States District Court**
**Central District of California**
**Eastern Division**

Landrum Thomas,

                   Plaintiff,

        v.

City of Gardena, et. al.,

                Defendants.

EDCV 14-909-VAP (DTBx)

**Final Judgment**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This action came on regularly for trial on September 22, 2015, in Courtroom 2 of the above entitled Court, the Honorable Virginia A. Phillips, United States District Judge presiding.  Plaintiff Landrum Thomas appeared by his attorney Jerry L. Steering.  Defendants City of Gardena, Yvette Evans, Frank Kim, and Todd Fox appeared by their attorneys L. Trevor Grimm and Anthony M. Sain.

A jury of seven persons was regularly impaneled and sworn to try the action.  Witnesses were sworn and testified.

On September 25, 2015, after hearing the evidence, the arguments of counsel, and the instructions given to the jury on Plaintiff's various § 1983 claims, the jury retired to consider its verdict, and on September 28, 2015,

United States District Court
Central District of California

returned its verdict by way of answers to the questions propounded to it, as follows:

**Question No. 1:**

Did any defendant arrest plaintiff without probable cause to believe that he committed or was committing a violation of California Penal Code Section 148?

Yes __X__          No _____

*If your answer to Question No. 1 is "Yes," answer Question No. 2.  If your answer to Question No. 1 is "No," skip Question Nos. 2 & 3 and proceed to Question No. 4.*

**Question No. 2:**

Was the arrest of plaintiff a cause of damages to plaintiff?

Yes __X__          No _____

*If your answer to Question No. 2 is "Yes," proceed to Question No. 3. If your answer to Question No. 2 is "No," skip Question No. 3 and proceed to Question No. 4.*

**Question No. 3:**

Which defendant(s) caused damages to plaintiff?

*Answer "yes" or "no" for each defendant.*

Yvette Evans:          Yes __X__  No _____

Frank Kim:              Yes __X__  No _____

Todd Fox:               Yes __X__  No _____

*Proceed to Question No. 4.*

United States District Court
Central District of California

United States District Court
Central District of California

**Question No. 4:**

Did any defendant unreasonably seize plaintiff's cell phone?

Yes _____          No __X__

*If your answer to Question No. 4 is "Yes," answer Question No. 5.  If your answer to Question No. 4 is "No," skip Question Nos. 5 & 6 and proceed to Question No. 7.*

**Question No. 5:**

Was the seizure of plaintiff's cell phone a cause of damages to plaintiff?

*If your answer to Question No. 5 is "Yes," proceed to Question No. 6. If your answer to Question No. 5 is "No," skip Question No. 6 and proceed to Question No. 7.*

**Question No. 6:**

Which defendant(s) caused damages to plaintiff?

*Answer "yes" or "no" for each defendant.*

Yvette Evans:        Yes _____   No _____

Frank Kim:           Yes _____   No _____

Todd Fox:            Yes _____   No _____

*Proceed to Question No. 7.*

United States District Court
Central District of California

**Question No. 7:**

Did any defendant unreasonably search plaintiff or his cell phone?

Yes __X__          No _____

*If your answer to Question No. 7 is "Yes," answer Question No. 8.  If your answer to Question No. 7 is "No," skip Question Nos. 8 & 9 proceed to Question No. 10.*

**Question No. 8:**

Was the search of plaintiff or his cell phone a cause of damages to plaintiff?

Yes _____          No __X__

*If your answer to Question No. 8 is "Yes," proceed to Question No. 9. If your answer to Question No. 8 is "No," skip Question No. 9 and proceed to Question No. 10.*

**Question No. 9:**

Which defendant(s) caused damages to plaintiff?

*Answer "Yes" or "No" for each defendant.*

Yvette Evans:     Yes _____  No _____

Frank Kim:        Yes _____  No _____

Todd Fox:         Yes _____  No _____

*Proceed to Question No. 10.*

United States District Court
Central District of California

**Question No. 10:**

Was plaintiff's protected conduct in verbally protesting or challenging police action, video recording police activity, or refusing to consent to the police viewing his video recording, a substantial factor or motivating factor for any defendant's action against the plaintiff?

Yes __X__          No _____

*If your answer to Question No. 10 is "Yes," answer Question No. 11.  If your answer to Question No. 10 is "No," skip Question Nos. 11 & 12 and proceed to Question No. 13.*

**Question No. 11:**

Was any defendant's action a cause of damages to plaintiff?

Yes __X__          No _____

*If your answer to Question No. 11 is "yes," proceed to Question No. 12. If your answer to Question No. 11 is "No," skip Question No. 12 and proceed to Question No. 13.*

**Question No. 12:**

Which defendant(s) caused damages to plaintiff?

*Answer "Yes" or "No" for each defendant.*

Yvette Evans:          Yes __X__  No _____

Frank Kim:             Yes __X__  No _____

Todd Fox:              Yes __X__  No _____

*If you answered "Yes" as to Todd Fox in response to Questions 3, or 6, or 9, or all of them, proceed to Question No. 13.  If you answered "No" as to Questions 3, 6, and 9, proceed to Question No. 14.*

**Question No. 13:**

If there was a deprivation of plaintiff's right to engage in protected conduct described in Question No. 10, was the deprivation caused by any of the following:

(a) Defendant Todd Fox directed acts of Yvette Evans or Frank Kim; or

(b) Defendant Todd Fox set in motion a series of acts by Yvette Evans or Frank Kim; or

(c) Defendant Todd Fox knew, or reasonably should have known, that Yvette Evans or Frank Kim (i) were engaging in acts that would deprive plaintiff of these rights, and (ii) Defendant Todd Fox failed to act to prevent Yvette Evans or Frank Kim from engaging in such conduct.

Yes __X__          No _____

*Proceed to Question No. 14.*


**Question No. 14:**

If there was a deprivation of plaintiff's rights, was the deprivation caused by actions taken pursuant to an expressly adopted official policy or a longstanding practice or custom of the City of Gardena?

Yes __X__          No _____

*If you answered "Yes" to either Question Nos. 2, 5, 8 or 11, proceed to Question No. 15.  If you answered "No" to each of Question Nos. 2, 5, 8 and 11, sign, date and return your verdict.*

United States District Court
Central District of California

**Question No. 15:**

What amount of economic damages do you find for the violation(s) of plaintiff's rights?

Amount $15,000.00

What amount of noneconomic damages do you find for the violation(s) of plaintiff's rights?

Amount $25,000.00

*Proceed to Question No. 16.*

**Question No. 16:**

Do you find that any defendant acted with malice, oppression or reckless disregard for plaintiff's rights?

*Answer "Yes" or "No" for each defendant.*

Yvette Evans:       Yes _____   No __X__

Frank Kim:          Yes __X__   No _____

Todd Fox:           Yes _____   No __X__

Dated: 9/28/2015          _____/s/_____
                                  Foreperson of the Jury

7

United States District Court
Central District of California

The second phase commenced on September 28, 2015.  On the same day, after hearing the evidence, the arguments of counsel, and the instructions given to the jury on Phase II (punitive damages), the jury retired to consider its verdict, and returned its special verdict by way of its answer to the question propounded to it, as follows:

**Question No. 1:**

What amount of punitive damages do you find against Defendant Frank Kim for the violation(s) of plaintiff's rights?

Amount $50,000.00

Dated: 9/28/2015 _____/s/_____
Foreperson of the Jury

United States District Court
Central District of California

By reason of the verdict described above, **IT IS ADJUDGED, ORDERED, AND DECREED THAT:**

Plaintiff Landrum Thomas shall have judgment against Defendants City of Gardena, Yvette Evans, Frank Kim, and Todd Fox, and each of them, in the sum of $40,000, with interest thereon at the legal rate per annum, plus attorneys' fees and costs as the prevailing party under his claims brought pursuant to 42 U.S.C. § 1983.  He shall also have judgment against Frank Kim in the sum of $50,000 as punitive damages.

The Court orders that such judgment be entered.

Dated:   10/30/15

Virginia A. Phillips
United States District Judge